UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD PHILLIPS, C20212,
    Petitioner,

v.

RON DAVIS, Warden,
    Respondent.

Case No. 16-3943 SK (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner incarcerated at San Quentin State Prison, has filed a second pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the execution of an indeterminate life sentence from Los Angeles County Superior Court.

The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner was convicted by a jury of kidnapping for the purpose of robbery, three counts of rape by force or violence, and three counts of oral copulation in concert with another. The jury also found true allegations that he personally used a firearm in the commission of a felony. On or about August 1, 1980, petitioner was sentenced to a life term, plus 15 years and eight months, with the possibility of parole.

Petitioner has been found not suitable for parole each time he has appeared before the California Board of Parole Hearings (BPH) or its predecessor. On December 31, 2015, the Los Angeles County Superior Court denied petitioner's latest claims against BPH's October 31, 2014 decision to deny him parole. The California Court of Appeal and the Supreme Court of California summary denied him state habeas relief on March 7, 2016 and June 8, 2016, respectively.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief from BPH's October 31, 2014 decision to deny him parole on the grounds that the decision did not comport with due process or equal protection because (1) BHP refused to consider a recent psychological evaluation prepared at the request of petitioner's attorney, and (2) BPH's findings that petitioner lacked remorse, credibility and insight are not supported by the evidence in the record. Petitioner's claim that BPH's findings are not supported by the evidence in the record must be DISMISSED because it is well-established that in the context of parole, a California prisoner receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. See Swarthout v. Cooke, 562 U.S. 216, 220 (2011). Whether BPH's decision was supported by some evidence is irrelevant in federal habeas. See id. at 221 ("it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied"). But liberally construed, petitioner's claim that BPH refused to consider a recent psychological evaluation arguably implicates his due process right to be heard and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (pro se habeas petitions must be liberally construed).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

2

1.    The clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto (ECF No. 1), and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED.**

Dated:  August 16, 2016



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD PHILLIPS,<br>   Plaintiff,<br> v.<br>RON DAVIS,<br>   Defendant. | Case No.  16-cv-03943-SK<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on August 16, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Harold  Phillips ID: C-20212
San Quentin State Prison 3-N-94 up
San Quentin, CA 94974


Dated: August 16, 2016


            Susan Y. Soong
            Clerk, United States District Court

            By:_____
            Melinda K. Lozenski, Deputy Clerk to the
            Honorable SALLIE KIM